While the opinion by the Court of Criminal Appeals, Ferguson v. State, [Ms. CR-97-2524, June 30, 2000] 814 So.2d 925 (Ala.Crim.App. 2000), is thorough and scholarly, I suggest one caveat. In part XIX, the opinion of the Court of Criminal Appeals says, "Because no single instance of alleged error constituted reversible error, we will not consider the cumulative effect to be any greater." 814 So.2d at 968 (emphasis added). A correct statement of the law would be that, when no one instance amounts to error at all (as distinguished from error not sufficiently prejudicial to be reversible), the cumulative effect cannot warrant reversal. In other words, multiple non-errors obviously do not require reversal. The particular wording of the holding by the Court of Criminal Appeals implies that multiple rulings which are, indeed, errors cannot cumulatively cause enough prejudice to require reversal unless at least one of the erroneous rulings is, in and of itself, sufficiently prejudicial to require reversal under Rule 45, Ala.R.App.P. The correct law is that, while, under the facts of a particular case, no single error among multiple errors may be sufficiently prejudicial to require reversal under Rule 45, the accumulation of prejudice from the errors may require reversal. Ex parte Tomlin, 540 So.2d 668, 672 (Ala. 1988) ("We need not decide whether either of the two errors, standing alone, would require a reversal; we hold that the cumulative effect of the errors probably adversely affected the substantial rights of the defendant and seriously affected the fairness and integrity of the judicial proceedings. See Bluev. State, 246 Ala. 73, 80, 19 So.2d 11, 16-17 (1944); Jetton v. State,435 So.2d 167 (Ala.Crim.App. 1983)."); McGriff v. State, [Ms. 97-0179, September 29, 2000] ___ So.2d ___, ___ (Ala.Crim.App. 2000) ("Because we find no error in the specific instances alleged by the appellant, we find no cumulative error." (Quoting earlier cases.) (Emphasis added.)); UnitedStates v. Rivera, 900 F.2d 1462, 1470 (10th Cir. 1990) ("A cumulative-error analysis merely aggregates all the errors that individually have been found to be harmless, and therefore not reversible, and it analyzes whether their cumulative effect on the outcome of the trial is such that collectively they can no longer be determined to be harmless."); and United States v. Canales, 744 F.2d 413,430 (5th Cir. 1984) ("We recognize that the cumulative effect of several incidents of improper argument or misconduct may require reversal, even though no single one of the incidents, considered alone, would warrant such a result.")